Richard W. Salmon, *pro se*
Sid # 6180687
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD W. SALMON** | Civil Case No. <u>2:20-cv-01917-AC</u> |
| **Plaintiff,** | **PRISONER CIVIL RIGHTS COMPLAINT** |
| **v.** | |
| **COLLETTE PETERS,  Director of the Oregon Department of Corrections, in her Individual and Official Capacity,** | **42 U.S.C. 1983** |
| **Defendant.** | |

COMES NOW the Plaintiff *in propria persona*, and respectfully pleads and alleges as follows:

## I. INTRODUCTION

1.1    This section 1983 action is now being commenced by Plaintiff Richard W. Salmon while

involuntarily civilly confined to the care and custody of the Oregon Department of Corrections

(ODOC) at the Snake River Correctional Institution, Ontario Oregon pursuant to the civilly (non-puni-

tive) constructed ORS 144.125.

1.2    Plaintiff alleges that his present civil confinement in a  medium security correctional facility by

defendant is depriving him of his federal constitutional and statutory rights by the unlawfulness of the

conditions of his civil confinement, by the imposition of punishment without due process, and by the

failure to provide him with access to adequate medical, psychological and/or psychiatric treatment and

subjecting him to penal policies and regulations while confined in a medium security correctional

facility.

1.3    Plaintiff seeks declaratory, injunctive, compensatory as well as punitive damages.  A number  of

the factual and legal allegations regarding unconstitutional conditions have already been established in

other judicial proceedings. See e.g., *Youngberg v.  Romeo* 457 U.S. 307; 102 S. Ct. 2452; 73 L. Ed. 2D

28 (1982), *Seling v. Young*, 531 US 250, 148 L Ed 2d 734, 121 S Ct 727,  *Ohlinger v. Watson*, 652 F.2d

775, 778 (9th Cir. 1980), *Turay v. Seling*, 108 F. Supp. 2d 1148 (W.D. Wash. 2000), *Sharp v. Weston*,

233 F.3d 1166 (9th Cir. 2000),  *Society for Good Will to Retarded Children, Inc. v. Cuomo*, 737 F.2d

1239, 1248 (2nd Cir. 1984).

## II.  JURISDICTION AND VENUE

2.1    The allegations, assertions and claims contained herein are not the basis of any other action or

appeal in any court in the United States.

2.2    The Plaintiff and the Defendant reside in the District of Oregon.

2.3    The events which are the basis of this action all occurred within the District of Oregon

2.4    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(3), as

plaintiff allege, pursuant 42 U.S.C § 1983, that defendants, under the color of state law, have deprived

plaintiff of his rights, privileges, and immunities secured by the fourteenth amendments to the United

States Construction.  It has supplemental jurisdiction over any and all state ancillary claims.

2.5    This Court has jurisdiction over each claim, and to grant such equitable relief as appropriate to

correct the wrong[s] done, under Section 2 of Article III of the United states Constitution.

2.6    Venue is proper in this district pursuant to 28 U.S.C. § 1343(a) and (b) as the defendant resides

in this district, and in this state, and a substantial part of the events and omissions giving rise to the

claims herein occurred in this district.

### III. DECLATORY AND INJUNCTIVE RELIEF, COMPENSATORY AND PUNITIVE AWARDS

3.1    This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201 as an actual

controversy exist regarding the rights, privileges, and immunities to which the plaintiff is entitled while

confined to the care custody of the Oregon Department of Corrections.

3.2    Moreover, pursuant to 28 U.S.C. § 2202, this Court has authority to grant injunctive and

necessary and proper relief.

### IV. PARTIES

4.1    The plaintiff is presently being involuntarily confined to the care and custody of the Oregon

Department of Corrections (ODOC) pursuant to ORS 144.125 and presently being housed at the Snake

River Correctional Facility (SRCI).

4.2    Defendant Collette Peters is employed and has been emploed as the Director of the ODOC at

2575 Center Street, Salem, Oregon 97310 since  February 2012.

### V.  FACTUAL ALLEGATIONS

5.1    The plaintiff is presently being involuntarily confined to the care a custody of the Oregon

Department of Corrections pursuant to ORS 144.125.

5.2    The statutory construction of ORS 144.125 is one of a civil purpose / constuction.

5.2    Defendant in all respects material to this action, acted / is acting in her individual and official

capacity as an employee of the ODOC and/or the State of Oregon and acted within the scope of her

employment with the ODOC and/or the State of Oregon, but exceeded the legitimate scope of her

official authority and authorized, in violation of the Fourteenth and Eighth Amendments to the United

States Constitution, the unconstitutional housing of plaintiff in the penal oriented, nontheraputic

medium security correctional facility (Snake River Correctional Institution) designed for convicted

criminals, in Ontario, Oregon.

5.3    While being confined within the ODOC, plaintiff has been and is continuously being housed in general population with convicted criminals and subjected to the penal oriented policies, procedures and practices, promulgated and implemented by defendant in violation of the Fourteenth (due process), the Eight (cruel and unusual punishment) Amendments of the United States Constitution.

5.4    In all respects material to this action, the above named defendant acted under the color of law and under color of her authority as an employee the ODOC and/or the State of Oregon.

5.5    Defendant has / is violating plaintiff's due process rights, under the Fourteenth and Eighth Amendments, to be free from punishment by subjecting plaintiff to punitive conditions of civil confinement  within a  medium security correctional facility.

5.6    Defendant has / is violating plaintiff's due process rights, under the Fourteenth  Amendment, to be free from arbitrary searches and seizures without probable cause.

5.7    Defendant has / is violating the Fourteenth  Amendment due process clause with respect to plaintiff's constitutional rights to competent and professional treatment.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks and prays that he be awarded:

6.1    Declaratory judgment that defendant violated the United States Constitution.

6.2    Injunctive relief ordering defendant to cease violating the laws and constitution of the United States.

6.3    Compensatory and punitive damages for violations of plaintiff's constitutional rights.

6.4    For such equitable relief as appropriate to correct the wrong[s] done.

6.5    For such other and different relief the court deems just and appropriate.

6.6    Awarded cost related to this action.

Or set over for trial.

## VII. EXUASTION

7.1    Place of civil confinement: Snake River Correctional Institution, 777 Stanton Blvd.,

Ontario, OR 97914

7.2    Is there a prisoner grievance procedure in this institution?  YES

7.3    Have you filed a grievance concerning the facts relating to this complaint?  YES

7.4    Is the grievance process completed? YES

## VIII. PREVIOUS 42 U.S.C § 1983 ACTION

8.1    Parties to the previous lawsuit:

8.2    Plaintiff: Richard W. Salmon

8.3    Defendant:  Marcia G. Ventura, Statewide Inmate ADA Coordinator, Office of the Inspector General.

8.4    Court: United States District Court District Of Oregon

8.5    Docket Number: 2:19-cv-01878-AC

8.6    Name of judge to whom case was assigned: John V. Acosta

8.7    Disposition: still pending

8.8    Approximate date of filing: 20th day of November, 2019


Respectfully submitted this 6th day of October, 2020.


RICHARD W. SALMON



# Legal Photocopy
# Request Form



Oregon Inmate
Legal Library

---

**Date:** 11-5-20  **Name:** Salmon, Richard  **SID#** 6180687

*Last*          *First*

Prior to photocopying, all documents must receive a cursory review by the library coordinator to ensure compliance with OAR 291.139. You are required to have sufficient funds in your trust account at the time of your request to pay for the copy(ies), unless indigent in accordance with OAR 291-139. Please complete the information below and provide a completed CD-28 at the time of your request.

## SECTION A – Filing   *Please complete prior to requesting photocopies. If you do not have an attorney, please indicate by placing "N/A" in the space provided.*

**New Filing** ☒ Yes ☐ No

**Case #** N/A          **Case Name:** Salmon v. Bd of Parole

**Do you have an attorney?** ☐ Yes ☒ No   **Attorney Name:** _____

**Court Jurisdiction:**

☐ Justice Court   ☐ Municipal Court   ☐ Circuit Court _____   ☐ Oregon Court of Appeals

(County)

☐ Oregon Supreme Ct.  ☐ Federal District Ct.  ☐ 9th Circuit Court of Appeals  ☐ U.S. Supreme Court

**Type of Court Filing/Qualified Legal Claim:**

☐ State Habeas       ☐ Federal Habeas      ☐ Post-Conviction Relief    ☐ Mandamus
☐ Judicial Review     ☐ Direct Criminal Appeal  ☐ Federal 1983 Complaint
☒ Other: Parole Board _____

## SECTION B – Requested Photocopies    AIC has sufficient funds to cover cost ☒ Yes ☐ No

| Title of Document(s) to be Copied: | # of Original Pages |
|---|---|
| 1. Request to Reopen | _____ |
| 2. _____ | _____ |
| 3. _____ | _____ |
| 4. _____ | _____ |
| 5. _____ | _____ |
| 6. _____ | _____ |

## SECTION C – Required Photocopies        AIC is Indigent ☐ Yes ☐ No

Please indicate the number of copies for each document required per court rule, for the type of court filing/qualified legal claim you have indicated above.

1. _____ (each)   Court Rule: _____
2. _____ (each)   Court Rule: _____
3. _____ (each)   Court Rule: _____

## SECTION D – Copy Instructions

Single-sided copies  ☐ Yes ☐ No   Amount _____ (each)   Stapled ☐ Yes ☐ No
Double-sided copies  ☐ Yes ☐ No   Amount _____ (each)   Stapled ☐ Yes ☐ No

---

**LIBRARY USE ONLY:**  ☐ Approved  ☐ Denied   Library Coordinator: _____

Copy Machine Count Start: _____   Copy Machine Count End: _____   Total Copies: _____

Total Copy Cost: _____   Copy Clerk Initials: _____

LLISA Clerk Initials _____   LLISA Tracking #: _____

CD 1762 (05/11/17)