Richard W. Salmon, *pro se*
Sid # 6180687
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD W. SALMON** | Civil Case No. 2:20-cv-01917-AC |
| **Plaintiff,** | **AMENDED COMPLAINT** |
| v. | |
| **COLLETTE PETERS,  Director of the Oregon Department of Corrections;** **BRAD CAIN, Superintendent SRCI;** **JUDY GILMORE, Assistant Superintendent SRCI;** **D. MCQUEEN, Correctional Officer SRCI;** **J. CLAUS, Mailroom SRCI;** **MARK NOOTH, Institutions Administrator in their Individual and Official Capacity;** | 42 U.S.C. § 1983 |
| **Defendants.** | |

COMES NOW the Plaintiff *in propria persona*, and respectfully pleads and alleges as follows:

## I. JURISDICTION AND VENUE

1.1    The allegations, assertions and claims contained herein are not the basis of any other action or

appeal in any court in the United States.

1.2    The Plaintiff and the Defendants reside in the District of Oregon.

1.3    The events which are the basis of this action all occurred within the District of Oregon

1.4    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(3), as

plaintiff allege, pursuant 42 U.S.C § 1983, that defendants, under the color of state law, have deprived

plaintiff of his rights, privileges, and immunities secured by the fourteenth amendments to the United

States Construction.  It has supplemental jurisdiction over any and all state ancillary claims.

1.5    This Court has jurisdiction over each claim, and to grant such equitable relief as appropriate to

correct the wrong[s] done, under Section 2 of Article III of the United states Constitution.

1.6    Venue is proper in this district pursuant to 28 U.S.C. § 1343(a) and (b) as the defendant resides

in this district, and in this state, and a substantial part of the events and omissions giving rise to the

claims herein occurred in this district.

## II. DECLATORY AND INJUNCTIVE RELIEF, COMPENSATORY AND PUNITIVE AWARDS

2.1    This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201 as an actual

controversy exist regarding the rights, privileges, and immunities to which the plaintiff is entitled while

confined to the care custody of the Oregon Department of Corrections.

2.2    Moreover, pursuant to 28 U.S.C. § 2202, this Court has authority to grant injunctive and

necessary and proper relief.

## III. PARTIES - CLAIM I

3.1    Plaintiff Richard W. Salmon is presently being confined to the care and custody of the Oregon

Department of Corrections (ODOC)  and presently being housed at the Snake River Correctional

Facility (SRCI).

3.2    Defendant Collette Peters is employed and has been employed as the Director of the ODOC at

2575 Center Street, Salem, Oregon 97310 since  February 2012.

## IV. PARTIES - CLAIM II

4.3    Plaintiff Richard W. Salmon is presently being confined to the care and custody of the Oregon

Department of Corrections (ODOC)  and presently being housed at the Snake River Correctional Facil-

ity (SRCI).

4.4     Defendant Brad Cain, Superintendent SRCI

4.5     Defendant Judy Gilmore, Assistant Superintendent SRCI

4.6     J. Claus, Mailroom, SRCI

### V. PARTIES - CLAIM III

5.6     Plaintiff Richard W. Salmon is presently being confined to the care and custody of the Oregon

Department of Corrections (ODOC)  and presently being housed at the Snake River Correctional Facil-

ity (SRCI).

5.7     D. McQueen, Correctional Officer, SRCI

### V1. CLAIM I

### FACTUAL ALLEGATIONS

6.1     Plaintiff  is not in this claim making any allegations challenging the legality or duration of his

confinement.

6.2     Plaintiff in this claim is solely alleging that the conditions in which the defendant is depriving

him of is in violation of the United States Constitution.

6.3     Plaintiff is alleging that plaintiff's prison term was completed and he would otherwise have been

released on August 29, 1998, but by way of statute (ORS 144.125), the Oregon Board of Parole

(Board), beginning on August 30th, 1998 to the present, authorized the Oregon Department of Correc-

tions to confine plaintiff for reasons other than punitive.

6.4     Plaintiff is alleging that the statutory construction of ORS 144.125  is not a hearing to consider

parole but is in fact a pre-release hearing.

6.4     Plaintiff is alleging that the statutory construction of ORS 144.125 is of a civil nature in that it

does not implicate retribution or deterrence.

6.5      Plaintiff is alleging that this action by the Board caused plaintiff to become a civilly held

resident within the Oregon Department of Corrections.

6.6     Defendant in all respects material to this action, acted / is acting in her individual and official

capacity as an employee of the ODOC and/or the State of Oregon and acted within the scope of her

employment with the ODOC and/or the State of Oregon. but exceeded the legitimate scope of her

official authority and authorized, in violation of the Fourteenth and Eighth Amendments to the United

States Constitution, the unconstitutional housing of plaintiff in the penal oriented, nontheraputic

medium security correctional facility (Snake River Correctional Institution) designed for convicted

criminals. in Ontario, Oregon.

6.7     Plaintiff is alleging that by statute (ORS 144.125) he is now a civilly held resident within the

Oregon Department of Corrections, and that the defendant has been and is currently depriving him of

his federal constitutional and statutory rights by the unlawfulness of the conditions of his civil

confinement, by the imposition of punishment without due process, and by the failure to provide him

with access to adequate medical, psychological and/or psychiatric treatment and subjecting him to

penal policies and regulations while confined in a medium security correctional facility.

6.8     Plaintiff is alleging that because plaintiff is a civilly held resident within the Oregon

Department of Corrections, the defendant has / is violating plaintiff's due process rights, under the

Fourteenth Amendment. to be free from arbitrary searches and seizures without probable cause.

6.9     Plaintiff is alleging that because his present confinement is no longer for punitive purposes he

is being further harmed by being forced to be confined with those who are imprisoned for punitive

reasons.

6.10    Plaintiff is alleging that because plaintiff is a civilly held resident within the Oregon

Department of Corrections. the defendant has / is violating the Fourteenth Amendment due process

clause with respect to plaintiff's constitutional rights to competent and professional treatment.

6.11    Plaintiff seeks declaratory, injunctive, compensatory as well as punitive damages. A number of

the factual and legal allegations regarding unconstitutional conditions for civilly held persons have

already been established in other judicial proceedings. See e.g., *Youngberg v. Romeo* 457 U.S. 307; 102

S. Ct. 2452; 73 L. Ed. 2D 28 (1982), *Seling v. Young*, 531 US 250, 148 L Ed 2d 734, 121 S Ct 727,

*Ohlinger v. Watson*, 652 F.2d 775, 778 (9th Cir. 1980), *Turay v. Seling*, 108 F. Supp. 2d 1148 (W.D.

Wash. 2000), *Sharp v. Weston*, 233 F.3d 1166 (9th Cir. 2000), *Society for Good Will to Retarded*

*Children, Inc. v. Cuomo*, 737 F.2d 1239, 1248 (2nd Cir. 1984).

## VII. CLAIM 2.

### FACTUAL ALLEGATIONS

7.1    BRAD CAIN, Superintendent SRCI did violate plaintiff's rights under the First and Sixth

Amendments to the United States Constitution for his failure to ensure that his subordinates (specifical-

ly: Judy Gilmore, Assistant Superintendent SRCI;  J. Claus, Mailroom SRCI; SRCI Correctional Offi-

cer D. McQueen) are properly trained in the handling of my legal mail (OR Admin. Rule 291-131-0030

"Examination/Inspection of Legal and Official Mail").  Because of this failure, his subordinates have

advised staff members that while in the presence of plaintiff and after opening the envelope clearly

marked "Legal Mail" they can proceed to go above and beyond the limitations described in OR Admin.

Rule 291-131-0030(2):

> Legal and official mail sent from or received in a Department of Corrections facility in
> sealed envelopes or parcels shall be opened and examined for contraband in the pres-
> ence of the inmate, but shall not be read or photocopied, except as authorized in sub-
> section (3) of this rule.

 read plaintiff's actual legal material to ensure that it has his name on it.  This act is being performed

even though 1) the envelope is clearly marked "Legal Mail", 2) it is addressed to plaintiff, 3) it was sent

from an licensed attorney, and 4) has not been authorized by the Assistant Director of Operations or the

Inspector General, as per OAR 291-131-0030(3), to have Plaintiff's "Legal Material" read.

7.2    Defendants in all respects material to this action, acted / is acting in their individual and official

capacities as an employee of the ODOC and/or the State of Oregon and acted within the scope of their

employment with the ODOC and/or the State of Oregon, but exceeded the legitimate scope of their of-

ficial authority and authorized, in violation of the First and Sixth Amendments to the United States

Constitution.

## VIII. CLAIM 3.

## FACTUAL ALLEGATIONS

8.1     SRCI Correctional Officer D. MCQUEEN, on August 8th, 2020, did deliver to me one piece of

"legal mail" (the envelope was clearly marked "Legal Mail", and addressed to me from attorney

Lindsey Burrows OSB # 861606), and after opening and examining the mail for contraband, did in

violation of my First and Sixth Amendment rights of the United States Constitution,  in my presences,

and after my objections, read  the material meant for no one but me to read.

8.2     Officer D. MCQUEEN  is performing this act  even though 1) the envelope is clearly marked

"Legal Mail", 2) it is addressed to plaintiff, 3) it was sent from an licensed attorney, and 4) doing so

even though the reading of plaintiff's legal material has not been approved by by the Assistant Director

of Operations or the Inspector General to read plaintiff's Legal Mail as per OAR 291-131-0030(3).

8.3     Defendant in all respects material to this action, acted / is acting in her individual and official

capacity as an employee of the ODOC and/or the State of Oregon and acted within the scope of her

employment with the ODOC and/or the State of Oregon, but exceeded the legitimate scope of her

official authority and authorization, in violation of the First and Sixth Amendments to the United States

Constitution.

## V.

## IX. PRAYER FOR RELIEF FOR CLAIM I

WHEREFORE, plaintiff seeks and prays that he be awarded:

9.1     Declaratory judgment that defendant violated the United States Constitution.

9.2     Injunctive relief ordering defendant to cease violating the laws and constitution of the United

States.

9.3     Compensatory and punitive damages for violations of plaintiff's constitutional rights.

9.4    For such equitable relief as appropriate to correct the wrong[s] done.

9.5    For such other and different relief the court deems just and appropriate.

9.6    Awarded cost related to this action.

Or set over for trial.

## X. PRAYER FOR RELIEF FOR CLAIM II

WHEREFORE, plaintiff seeks and prays that he be awarded:

10.1    Declaratory judgment that defendant violated the United States Constitution.

10.2    Injunctive relief ordering defendant to cease violating the laws and constitution of the United States.

10.3    Compensatory and punitive damages for violations of plaintiff's constitutional rights.

10.4    For such equitable relief as appropriate to correct the wrong[s] done.

10.5    For such other and different relief the court deems just and appropriate.

10.6    Awarded cost related to this action.

Or set over for trial.

## XI. PRAYER FOR RELIEF FOR CLAIM III

WHEREFORE, plaintiff seeks and prays that he be awarded:

11.1    Declaratory judgment that defendant violated the United States Constitution.

11.2    Injunctive relief ordering defendant to cease violating the laws and constitution of the United States.

11.3    Compensatory and punitive damages for violations of plaintiff's constitutional rights.

11.4    For such equitable relief as appropriate to correct the wrong[s] done.

11.5    For such other and different relief the court deems just and appropriate.

11.6    Awarded cost related to this action.

Or set over for trial.

## XII. EXUASTION

12.1  Place  confinement: Snake River Correctional Institution, 777 Stanton  Blvd., Ontario, OR

97914

12.2  Is there a prisoner grievance procedure in this institution?  YES

12.3  Have you filed grievances concerning all claims relating to this complaint?  YES

12.4  Is the grievance process completed? YES

## XIII. PREVIOUS 42 U.S.C § 1983 ACTION

13.1  Parties to the previous lawsuit:

13.2  Plaintiff: Richard W. Salmon

13.3  Defendant:  Marcia G. Ventura, Statewide Inmate ADA Coordinator, Office of the
Inspector General.

13.4  Court: United States District Court District Of Oregon

13.5  Docket Number: 2:19-cv-01878-AC

13.6  Name of judge to whom case was assigned: John V. Acosta

13.7  Disposition: still pending

13.8  Approximate date of filing: 20th day of November, 2019


Respectfully submitted this 8th day of July, 2021.



RICHARD W. SALMON

Richard W. Salmon, *pro se*
Sid # 6180687
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD W. SALMON** | **Civil Case No. 2:20-cv-01917-AC** |
| **Plaintiff,** | **MEMORANDUM IN SUPPORT TO CLAIM I OF THE AMENDED COMPLAINT** |
| **v.** | |
| **COLLETTE PETERS,  Director of the Oregon Department of Corrections;** **BRAD CAIN, Superintendent SRCI;** **JUDY GILMORE, Assistant Superintendent SRCI;** **D. MCQUEEN, Correctional Officer SRCI;** **J. CLAUS, Mailroom SRCI;** **MARK NOOTH, Institutions Administrator in their Individual and Official Capacity;** | **42 U.S.C. § 1983** |
| **Defendants.** | |

### INTRODUCTION

After the Statement of Facts, this memorandum explains the Oregon "matrix" system applied to

plaintiff for the setting of his release date:

### STATEMENT OF FACTS

Plaintiff was given a sentence of life by the trial court for the conviction of murder.   Under the

parole matrix system that went into effect in 1977, the Oregon Board of Parole (Board) pursuant to

ORS 144.120 did on October 1, 1986, conduct a prison term hearing in which the Board voted to grant

Plaintiff a "firm" release date on December 29, 2000. (exhibit 1: Oregon Board of Parole, Board

Action Form).

The Board, by letter, on October 11, 2000, confirmed to plaintiff that on August 29,

1998, plaintiff's original prison term was completed. (exhibit 2: Letter from the Oregon Board of

Parole).

Prior to the completion of plaintiff's prison term, the board granted plaintiff prison term

reductions establishing the final parole release date of August 29, 1998. (exhibit 3: Oregon Board of

Parole, Board Action Form).

The state Legislature enacted ORS 144.125 (1977) and it's construction is seen that:

1) Non-punitive. Its use is not for the furtherance for retribution or deterrence; and,

2) Its use by the Board is a discretionary one[1]; and,

3) The application of the statute can only be applied if a release date had previously been

granted/established (ORS 144.125) is not a hearing to consider parole but a pre-release

hearing); and,

4) If the board finds that a "a present severe emotional disturbance such as to constitute a

danger to the health or safety of the community" the board cannot deny parole (OAR 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(c)

(1982)[2], only to "postpone parole".

Prior to plaintiff's scheduled and rescheduled release dates, the board on it's own initiative did

conduct Parole Release Exit Interviews to review the prisoner's parole plan, psychiatric or

psychological report, if any, and the record of the prisoner's conduct during confinement (ORS

144.125) where it found that plaintiff does have "a present severe emotional disturbance such as to

---

1  ORS 144.125 "(1) Prior to the scheduled release of any prisoner on parole and prior to release
   rescheduled under this section, the State Board of Parole and Post-Prison Supervision **may** upon
   request of the Department of Corrections or **on its own initiative** ****." (**emphasis added**)

2  OAR 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(c) "The Board may not deny release on parole****"

constitute a danger to the health or safety of the community" in which plaintiff's release date was postponed / deferred.

<h2 style="text-align:center">OREGON "MATRIX" SYSTEM</h2>

The Oregon State legislature authorized the Board to determine the actual duration of an inmate's imprisonment." *Price v. Board of Parole*, 300 Or. 283, 288, 709 P.2d 1075 (1985). and;

The Supreme Court of Oregon  described the matrix system: In *Hamel v. Johnson*, 330 Or 180, 185, 998 P2d 661 (2000).  Under the matrix system that went into effect in 1977. See Or. Laws 1977, ch. 372, §§ 2-6 (describing system), a trial court imposed an indeterminate sentence of a specified duration on a defendant who had been convicted of a crime.  An indeterminate sentence stated only a maximum term to be served under the jurisdiction of the Department of Corrections. Such a sentence did not establish the length of time that a defendant was to be incarcerated. *Harris v. Board of Parole*, 288 Or. 495, 503, 605 P.2d 1181 (1980). Regardless of the length of an indeterminate sentence, under ORS 144.780 and ORS 144.785, "it is the [Board] that determines the actual duration of imprisonment." Id. In other words, for prisoners sentenced under the matrix system, the Board, not the court, determines the actual duration of imprisonment. *Price*, 300 Or. at 288, 709 P.2d 1075. See also OAR 213-002-0001(3)(b) ("Although many citizens believe the indeterminate sentence sets the length of imprisonment, that sentence only sets an offender's maximum period of incarceration and the matrix controls actual length of stay.").

In sum, under the matrix system, the parole release date that is set by the Board, not the indeterminate sentence, establishes how long a prisoner will be incarcerated. The indeterminate sentence merely provides the outermost limit of the Board's authority over the length of a prisoner's term of incarceration.

A brief summary of the workings of the parole matrix system:  ORS 144.120(1) directs the Board to conduct a hearing within six months to a year after the prisoner has arrived in a correctional

facility and to set an initial parole release date "pursuant to ORS 144.780." ORS 144.780, in turn, directs the Board to adopt rules establishing "ranges of duration of imprisonment to be served for felony offenses prior to release on parole." Under the Board's rules, the "ranges of duration" referred to in ORS 144.780 are known as the "matrix ranges." OAR 255-005-0005(28) (1998). The matrix ranges identify the ranges of months within which the Board has discretion to set a prison term.

Furthermore,

The Ninth Circuit court of Appeals in *O'Bremski v. Maass*, 915 F.2d 418, 419 (9th Cir. 1990) explains "In 1977, the Oregon Legislature adopted a "matrix" system for setting release dates. Or. Rev. Stat. ⅽⅽ 144.120, 144.780 (1989). The matrix system required the Board to follow certain administrative rules in establishing firm release dates, which could be altered only under certain specified conditions. Or. Rev. Stat. ⅽ 144.785(1) (1989)", and in *State ex rel Engweiler v. Felton*, 350 Ore. 592, 620, 260 P3d 448 (2011) the court stated the intention of ORS 144.120 "Finally, we conclude that the legislature provided the board with authority in ORS 144.120(1) (1989) and ORS 144.120(1) (1991) to determine initial release on parole for inmates like these who are serving an indeterminate sentence of life imprisonment with the possibility of parole."

In Sum,

Plaintiff's is lawfully being confined under the authority of ORS 144.125 and therefore is not here challenging the legality of his confinement.

Plaintiff in this claim is solely challenging the unconstitutional conditions of his confinement.

The Board, on October 1, 1986, conducted a prison term hearing under ORS 144.120 to consider plaintiff for parole.   The Board with the objective to: 1)convey punishment which is commensurate with the seriousness of the prisoner's crime, and 2) for the deterrence of criminal conduct, did grant plaintiff an established parole release date on December 29, 2000.

Prior to the completion of plaintiff's prison term, the board granted plaintiff prison term reductions

establishing the final parole release date of August 29, 1998. (exhibit 2: Oregon Board of Parole, Board

Action Form).

On August 29, 1998, when plaintiff's prison term is completed, he would otherwise be released

unless the board utilizes ORS 144.125[3].

The board, under ORS 144.125 has the authority to conduct an Exit Interview Hearing prior to

the release of plaintiff onto parole.

> **144.125. Review of parole plan, psychological reports and conduct prior to release; release postponement; elements of parole plan; Department of Corrections assistance; rules**
>
> (1) Prior to the scheduled release of any prisoner on parole and prior to release rescheduled under this section, the State Board of Parole and Post-Prison Supervision may upon request of the Department of Corrections or on its own initiative interview the prisoner to review the prisoner's parole plan and psychiatric or psychological report, if any, and the record of the prisoner's conduct during confinement. To accommodate such review by the board, the Department of Corrections shall provide to the board any psychiatric or psychological reports held by the department regarding the prisoner. However, if the psychiatrist or psychologist who prepared any report or any treating psychiatrist or psychologist determines that disclosure to the prisoner of the contents of the report would be detrimental to the prisoner's mental or emotional health, the psychiatrist or psychologist may indorse upon the report a recommendation that it not be disclosed to the prisoner. The department may withhold from the board any report so indorsed.
>
> History.
> 1977 c. 372 [ 6; 1981 c.426 [ 2.

The Oregon Board of Parole at its own discretion, did, utilizing the civilly constructed statute

ORS 144.125 (1983)[4], [5], has repeatedly found, relying in large part to licensed Psychologist(s)'s

diagnosises, that plaintiff has a Present Severe Emotional Disturbance such as to constitute a danger to

---

3    The construction of ORS 144.125 allows the board to detain/commit an offender, typically one who is about to complete his prison term to the custody of the Department of Corrections past the prison term.

4    see *Kansas v. Hendricks*, 521 US 346, 361 (1997) (citing *Allen v Illinois*, 478 US 364, 368, 92 L Ed 2d 296, 106 S Ct 2988 (1986)), (re-affirmed in *Hudson v United States*, 522 US 93, 139 L Ed 2d 450, 118 S Ct 488 (1997)), where the court explained that the question whether an Act is civil or punitive in nature is initially one of statutory construction.

5    The legislative purpose arising from ORS 144.125 is of its self the same in nature as Civil Commitment Acts.

the health or safety of the community and therefore further confinement to the Oregon Department of Corrections past the expired prison term is/was necessary.

Therefore this confinement of plaintiff is a civil one which began on August 30th, 1998, continuing to the present.

Respectfully submitted this 8th day of July, 2021.

Richard W. Salmon

Exhibit 1
2

10-081

OREGON BOARD OF PAROLE
BOARD ACTION FORM

NAME _SALMON, RICHARD W_ HEARING DATE _10-1-86a._ DATE PRINTED _____

SUPERVISING LOCATION _OSP_ SID# _6180687_ RACE _1_ NOTIFY ___ DETA _✓_ CC PROB ___

KA _____ AGENCY# _49781_ SEX _M_ HAIR _BROWN_ DOB _01.14.60_ ADM DATE _04.23.86_

KA _Full Board_ SSNO# _522.11.2228_ HGT _69_ EYES _HAZEL_ NOTE _✓_ ALST _MM_

DJ INC _12.30.85_ GOODTIME ___ _LIFE_ WGT _145_ MARKS ___ DIC _06.03.86_ EXP DATE _LIFE_

| CC/CASE# COUNTY | ORS# OFFCLS OFFENSE | CTS | SENTENCE MIN SENT | TS DAYS | CS TO | SENTENCE BEGINS | JUDGE | ADDL CONV | CASE TYPE | RELEASE | C# |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 85-12-35219 MULT | 163.115 UF MURDER | 1 | LIFE | 114 | | 04-22-86 | REDDING | | | | |
| | | | | | | | | | | | 2 |
| | | | | | | | | | | RECEIVED JUN 11 1986 BOARD OF PAROLE | 3 |
| | | | | | | | | | | | 4 |
| | | | | | | | | | | | 5 |
| | | | | | | | | | | | 6 |
| | | | | | | | | | | | 7 |

| NO ALCOH | ANTABUSE | ALCO THER | NO DRUGS | DRUG THER | MH THER | URINALYSIS | POLYGRAPH | RESTITUT | CRT COSTS | FINES | SUPPORT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

ISC:
NAME _____ CLASS _____ ADDRESS _____ MH _____ VRD _____ AFS _____
PHONE _____

A _X_ B _X_ C _O_ D _1_ E _1_ F _1_ H/R _05_ CRIME CAT _07_ MATRIX RANGE _228_ TO _288_ SEX OFF ___ DANG OFF ___

ACTIVITY _17_ ACTION _S_ MOS SET _180_ RELEASE DATE _12/29/2000_ NEXT APPEARANCE _1/91_ I

EARLIEST RELEASE _____ TENTATIVE DISCHARGE _____ PANEL _J_ MOS SERV _____

RESET REASON _____ AGGRAVATION ___ MITIGATION _6_ CONDITIONS:   STC 9A  9B  9C  PO  BD
                                                                  SPC 1 2 3 4 5 6 OTHER
OTHER CONDITIONS:                                                     7 8 9 10 11 12

COMMENTS/REASONS:

Inmate signed ORS 144.210 waiver electing to proceed without information as required by statute.

Board recomputed H/R score according to revised matrix effective 07/15/85 and granted a point under Items A and B.  Board findings: H/R score 07, crime category 07 (1), matrix range of 168 to 228 months. Inmate agrees with accuracy of H/R score.

Board made a Mult. Co. detainer.

Croemer; Set a prison term of 228 months for a release date of 12/29/2004.

Hays, Samuelson, Dinsmore: Set a prison term of 180 months, therefore establishing a release date of 12/29/2000.  Review 01/91.

Jones: Absent, will review. _Croemer w/ Broemer_ _Jones 10/15/86_

SIGNATURE, PRESIDING MEMBER _____ DATE _10/15/86_

CC: OSP 8-21-86 KSW

CD 730 (9-81)

*Exhibit 2*

# Oregon

John A. Kitzhaber, M.D., Governor

Oregon Board of Parole and Post-Prison Supervision
2575 Center Street NE, Ste. 100
Salem, OR 97301-4621
(503) 945-0900
FAX (503) 373-7558

October 11, 2000

Richard W. Salmon, #6180687
Oregon State Penitentiary
2605 State St.
Salem, OR  97310

Mr. Salmon:

The Board received your application for reduction of prison term (OAR 255-40-025) on October 6, 2000.  The correct procedure would be to submit this to your institutional counselor.

I looked at the history of your case and it shows you completed your original prison term on 08/29/1998; therefore, you are not eligible to be considered for a reduction as the time period you are asking for consideration is 12/1996 through 12/1999, this overlaps your original prison term.

I am sending back your application.

Sincerely,

Kim Gonzales,
Hearings/Scheduling

cc:  file

**MAILED ON**
**OCT 05 1989**

STATE OF OREGON BOARD OF PAROLE

## BOARD ACTION FORM

*Exd-l 3*

| | |
|---|---|
| NAME : SALMON, RICHARD W | PAGE 1 OF 2 |
| ＾＂# : 6180687 | |
| ＿T#: 49781 | |
| INST : OSP | |
| DOB : 07/14/1960 | BOARD ACTION NUMBER:   2 |
| | BOARD ACTION DATE  :  09/20/1989 |

ADJUSTED INCEPTION  :  12/30/1985
CURRENT ADMISSION  :  04/23/19＾＾
ORIGINAL ADMISSION :  04/23/1＾
OFFENDER GOODTIME  :  01/01/2499
OFFENDER EXPIRATION :  01/01/2499

| CASE# COUNTY | CNT | OFFENSE ORS# PARA | C FC | IC PV | SC | SENTENCE JUDGE | JUDMIN A STAMIN T | ST A CS | P | CSR HRS | BASE RNG PRIN RNG | SENT DATE CRM CMT DT | CTS O#/G# |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 851345219 MULT | 1 | MURDER 163.115 | UF | | 1 | 99/ 0/ 0 REDDING | 0/ 0 0/ 0 | CC 0 | | 8 7 | 0/ 0 168/228 | 04/22/1986 | 114 1/ 1 |

| A | B | C | D | E | F | H/RS | CRIME CAT | MATRIX RANGE | HB3384 | DANG OFF | DISC | PANEL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 2 | 0 | 1 | 1 | 1 | 7 | 8 | 168 TO 228 | X | | | F |

ACTIVITY DECISION GROUP   MTHSET   CTS  RELEASE DT    PCH DT     PH DT  NEXT ACTION NEXT ACT DT
  PR          R           0       173    114  05/29/2000                       EI       05/01/1999

                A  B  C  D  E  F  G  H  I  J  K  L  M  N  O  P  Q
AGGRAVATION:
MITIGATION:

MIN SUPV   BM10              * SPECIAL CONDITIONS *                    * REASONS *
  0 mths         1  2  3  4  5A 5B 5C 5D 6  7  8  9  10 11

＿THER:

SIGNATURE, PRESIDING MEMBER  /S/  FAATZ        KS/MJH        SIGNATURE DATE: 09/29/1989

STATE OF OREGON BOARD OF PAROLE

## BOARD ACTION FORM

NAME:  SALMON, RICHARD W              PAGE  2 OF  2                    DOB  :  07/14/1960
  #:  6180687                                                         INST :  OSP
                              BOARD ACTION NUMBER:  2                 INST#:  49781
                              BOARD ACTION DATE  :  09/20/1989

        ADDITIONAL FINDINGS:

        BOARD MEMBERS PRESENT:  SAMUELSON, WEBBER, AND FAATZ.

        SAMUELSON, WEBBER, FAATZ:
        POSITIVE RECOMMENDATION FROM THE INSTITUTION FOR A REDUCTION FOR THE PERIOD
        UNDER REVIEW PURSUANT TO OAR 255-40-025(1) HAS BEEN RECEIVED AND IS DATED
        04/18/1989.  BOARD CONSIDERED INMATE'S BEHAVIOR OVER THE FIRST 3 YEARS UNDER
        REVIEW AND DECIDED ON A REDUCTION OF 7 MONTHS; THEREFORE, ESTABLISHING A
        PAROLE RELEASE DATE OF 05/29/2000 FOLLOWING 173 MONTHS.

        ROBINSON:  ABSENT, WILL REVIEW.  (7 MONTHS DATE CUT.  R.R. 9/29/89)

        DINSMORE:  ABSENT, WILL REVIEW.  (CONCUR WITH GRANTING 7 MONTHS. D.D. 9/29/89)

        INMATE IS ELIGIBLE IN 01/1992 TO BE CONSIDERED FOR A REDUCTION FOR THE PERIOD
        UNDER REVIEW AS DESCRIBED IN OAR 255-40-025(1).  UPON RECEIPT OF A POSITIVE
        RECOMMENDATION FROM THE INSTITUTION A PERSONAL REVIEW HEARING WILL BE
        SCHEDULED.

        A REVIEW WILL BE SCHEDULED IN 05/1999.

        You are entitled to an Administrative Review of this order under OAR 255-80-005.
        Administrative Reviews may be obtained by submitting a written request to the
        Chairperson within 45 days from the date of this order.  You may also obtain
        Judicial Review of this order by filing a petition for review in the Court of
        Appeals, State of Oregon Supreme Court Building, Salem, OR 97310, within 60
        days of this order.  Judicial Review is pursuant to the provisions of the
        ORS 144.335.

SIGNATURE, PRESIDING MEMBER  /S/  FAATZ          KS/MJH          SIGNATURE DATE: 09/29/1989